UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81402-CIV-COHN

CHARLES SHANE,

    Plaintiff,

vs.

PICASSO HOLDING COMPANY,

    Defendant.
_____/

CASE NO. 11-81403-CIV-COHN

DREW SHANE,

    Plaintiff,

vs.

PICASSO HOLDING COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 25], Plaintiff's Response to Defendant's Motion, and, in the Alternative, Motion to Allow Plaintiffs Leave to File a Second Amended Complaint [DE 26]. The Court has carefully considered the motion and response, and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

The Amended Complaint in these consolidated actions asserts a single claim for a violation of the Uniform Fraudulent Transfer Act ("UFTA"), as codified in Florida under Fla. Stat. §§ 726.105 and 726.106. Plaintiffs Charles and Drew Shane each allege a transfer by debtor Robert Lipton of assets of Aztec Management to David Lipton in

---

[1] Defendant's Reply was due by March 23, 2012, but was not filed by that date.

order to avoid payment on separate judgments – one to Charles Shane and one to Drew Shane (father and son).  Amended Complaint, §§ 5, 11-13 [DE 24].  Plaintiffs also allege that David Lipton and Aztec Management then transferred all assets of Aztec Management to Defendant Picasso Holdings, again with the intent of delaying payment to or defrauding Plaintiffs.  Id., ¶¶ 14-18.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Defendant moves to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2).  The latter requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to the United States Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B.  Uniform Fraudulent Transfers Act

Defendant contends that Plaintiffs have failed to allege sufficient dates of certain events that leaves Defendant confused about Plaintiffs' claim.  Defendant argues that

2

Plaintiffs only state that certain events occurred "prior to" and "subsequent to" other events and fails to allege the specific dates upon which the alleged transfer and subsequent transfer of Aztec Management took place.  Defendant asserts that under Twombly and Iqbal, Plaintiffs' Amended Complaint must be dismissed.

Plaintiffs argue that they have sufficiently plead the facts necessary to support a claim under the UFTA, which requires the following: "(1) they were creditors who were defrauded; (2) that [the debtor] intended to commit the fraud; and, (3) that the fraud involved a conveyance of property that could have been applicable to the payment of the debt due." Dillon v. Axxsys Int'l, Inc., 185 Fed. App'x. 823, 829 (11th Cir. June 20, 2006) (citing Nationsbank, N.A. v. Coastal Utilities, Inc., 814 So. 2d 1227, 1229 (Fla. Dist. Ct. App. 2002); Feldkamp v. Long Bay Partners, LLC, 773 F.Supp. 2d 1273, 1286 (M.D. Fla. 2011).  Plaintiffs contend that they have identified the dates of the underlying promissory notes that make them "creditors," the dates of the final judgments rendered in favor of each Plaintiff and against Robert Lipton that show that the property could have been used to satisfy the debt, and the dates of the recording of those final judgments.  They have alleged that the fraudulent transfer from Robert Lipton to David Lipton took place between November 30, 2007 and April 27, 2009.  Amended Complaint, ¶¶ 5, 12.  They further have alleged that the transfer from David Lipton to Defendant Picasso Holdings took place after May 29, 2009. Id., ¶¶ 5, 14.  Finally, they have alleged the requisite intent of the debtor. Id., ¶¶ 13, 15, 18.

This Court concludes that Plaintiffs have sufficiently plead facts to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.  Plaintiffs have provided the grounds of their entitlement to relief sufficient enough for Defendant to answer the Amended Complaint.

3

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 25] is hereby **DENIED**;

2. Defendant shall file an Answer to the Amended Complaint by April 9, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of March, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

copies to:
Counsel of record on CM/ECF